

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, | No. 14-15701 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-01453-JAM-EFB |
| v. | |
| JOHN SHOWER, an individual; JOHN RITCHIE, an individual; SANDRA RITCHIE, an individual, | MEMORANDUM* |
| Defendants - Appellants, | |
| And | |
| LK TRANSPORTATION, INC., a California corporation; MARIO PRADO, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 11, 2016[]
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

John Shower, John Ritchie, and Sandra Ritchie appeal the district court's grant of summary judgment to Travelers Property Casualty Company of America ("Travelers") in its action seeking a declaratory judgment. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

## I

The district court concluded that the driver of the tractor that caused the accident was not an insured under the Travelers policy, because the company holding the policy did not "hire" it. We agree.

Under California law, the term "hire" as used in an insurance policy such as this one requires "possession and control." *Am. Int'l Underwriters Ins. Co. v. Am. Guarantee & Liab. Ins. Co.*, 181 Cal. App. 4th 616, 631 (2010). Shower and the Ritchies rely on dicta from *Travelers Indem. Co. v. Swearinger*, 169 Cal. App. 3d 779, 785–86 (1985), to argue that possession and control are not required, but subsequent cases have repudiated *Swearinger*'s reasoning or rendered it

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

inapplicable to this case. *See Am. Int'l Underwriters*, 181 Cal. App. 4th at 630; *City of Los Angeles v. Allianz Ins. Co.*, 125 Cal. App. 4th 287 (2004). Moreover, it is implausible that the driver used the tractor with the policyholder's "permission" where his employer owned the tractor and the policyholder exercised no control over it. *See Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1168 (1991).

## II

Shower and the Ritchies also argue that the driver should be considered an insured because the accident involved the "use" of the policyholder's trailer. On its face, this argument lacks merit since there is no dispute that the accident occurred before the trailer was ever picked up. Because the trailer's "movement" was not a contributing cause, it was not a "substantial factor" in the accident. *State Farm Mut. Auto. Ins. Co. v. Grisham*, 122 Cal. App. 4th 563, 566–67 (2004).

**AFFIRMED.**